

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY J. CRAFT, | No. 14-35436 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01976-BJR |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted December 5, 2016**
Seattle, Washington

Before: McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

Larry Craft appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income. The administrative law judge (ALJ)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

found that Craft was not disabled because he had the residual functional capacity (RFC) to perform his past relevant work as a production poultry cutter. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The ALJ identified "specific, clear and convincing reasons" to justify discounting Craft's testimony. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). The ALJ reasonably concluded that Craft's descriptions of his limitations were inconsistent with the record.

2.     The ALJ gave discounted weight to Dr. Haines's and Dr. Kwon's opinions because the opinions were inadequately supported or inconsistent with the objective findings. These are "specific and legitimate reasons" that are supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The ALJ did not err by considering Craft's physician's assistant's opinions as "evidence about the severity of [Craft's] impairment(s) and how it affects [his] ability to work." *Garrison v. Colvin*, 759 F.3d 995, 1013–14 (9th Cir. 2014); 20 C.F.R. § 404.1513(d); *see also* SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006) (stating that the opinion of a medical "other source" may outweigh that of an "acceptable medical source" if the "other source" has seen the individual more often).

2

3.     The ALJ assigned little weight to several providers' opinions about Craft's cognitive functioning because the opinions were based on invalid test scores and Craft's subjective reports, and were inconsistent with the overall record. Substantial evidence supported the weight given to these opinions, and the conflicting opinions of several nonexamining physicians. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

4.     Craft's argument that the ALJ improperly formulated his RFC is unavailing. The ALJ properly evaluated the evidence, and substantial evidence supports the ALJ's determination that Craft is not disabled.

Costs on appeal are awarded to the appellee.

**AFFIRMED.**